# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:08-CR-64-1 |
| | § | |
| QUINTON RAYMONE STOKER | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On February 26, 2013, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Quinton Raymone Stoker. The government was represented by Richard Moore, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Wayne Dickey.

Defendant originally pled guilty to the offense of Possession With Intent to Distribute less than 5 Grams of a Mixture or Substance containing a Detectable Amount of Cocaine Base, a Class C felony. The offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 21 and a criminal history category of I, was 37 to 46 months. Judge Leonard Davis sentenced Defendant to 37 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment. On August 20, 2010, Defendant completed the term of imprisonment and began his term of supervised release. On January 26, 2011, Judge Leonard Davis modified the conditions of supervised release to include 150 days in a residential reentry center.

In its petition, the government alleges that Defendant violated his terms of supervised release by failing to submit monthly supervision forms; submitting a urine specimen that tested

positive for marijuana; failing to provide financial documentation; and failing to submit urine tests.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from unlawfully using a controlled substance. Fifth Circuit case law permits a court to find that illicit drug use constitutes possession. If the Court finds by a preponderance of the evidence that Defendant violated the conditions of his supervised release by possessing marijuana, Defendant will have committed a Grade C violation.[1] U.S.S.G. § 7B1.1(a). Similarly, if the Court finds by a preponderance of the evidence that Defendant violated the conditions of his supervised release failing to submit monthly supervision forms, failing to provide financial documentation, and failing to submit urine tests, Defendant will have committed a Grade C violation. U.S.S.G § 7B1.1(a). Upon a finding of a Grade C violation, the Court may revoke the term of supervision, extend the supervision, or modify conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months.

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to the government's petition. In exchange, the government agreed to recommend that Defendant serve 3 months with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Quinton Stoker be committed to the custody of the Bureau of Prisons for a term of imprisonment of 3 months with no supervised release to follow.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

---

[1] Defendant will also be in violation of Texas Health and Safety Code § 481.121.

**So ORDERED and SIGNED this 27th day of February, 2013.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE